UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

YURII KOROTKOV & IRYNA
PAVLOVNA KOROTKOVA.

       Plaintiffs,

   -v-

SUNTRUST MORTGAGE, INC.

       Defendant

**Civil Action No. 3:19cv210**

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA.

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, SunTrust Bank ("SunTrust")[1] by counsel, hereby removes this action from the Superior Court of Union County North Carolina to this Court. Removal is based on the grounds that diversity jurisdiction exists over this action, as there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00.

## FACTUAL BACKGROUND

1. On April 1, 2019, Plaintiffs Yurii Korotkov and Iryna Pavlovna Korotkova. ("Plaintiffs") filed a Complaint (the "Complaint") in the Superior Court of Union County North Carolina, Case No. 19-CVS-00906. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant SunTrust in this action are attached hereto as **Exhibit A**. Plaintiffs do not stipulate that it seeks less than $75,000.00 in the Complaint.

---

[1] SunTrust Mortgage, Inc. merged into SunTrust Bank, a Georgia state-chartered bank, effective August 6, 2018. As such, the proper named Defendant in this case is SunTrust Bank.

2. Counsel for SunTrust was sent a copy of the Complaint on April 1, 2019 from counsel for Plaintiffs. This removal is therefore timely pursuant to 28 U.S.C. § 1446(d).

3. Plaintiffs' Complaint asserts claims for violations of the North Carolina Prohibited Acts by Debt Collectors statute (N.C. Gen. Stat. § 75-50, *et seq.*); Slander of Title; Fraud; Negligent Misrepresentation; Conversion; violations of N.C. Gen. Stat. § 75-1.1; Negligent Accounting and Servicing; and violations of N.C. Gen. Stat. § 45-90.

## DIVERSITY JURISDICTION

4. This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332, which states that diversity jurisdiction is appropriately exercised over "all civil actions where the matter in controversy exceeds the sum or value of $75,000.00 . . . and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332.

**A. There Is Complete Diversity Among All Parties**

5. There is diversity of citizenship among all parties. Plaintiffs are citizens of North Carolina. (Compl. ¶ 3).

6. Defendant SunTrust is a Georgia state-chartered bank and is therefore a citizen of the State of Georgia for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c). Accordingly, Defendant SunTrust does not have citizenship in North Carolina for purposes of determining diversity jurisdiction.

7. Because Plaintiffs are citizens of North Carolina and Defendant is not a citizen of North Carolina, there is complete diversity between Plaintiff and Defendant in this matter. *See* 28 U.S.C. § 1332(a)(1).

## B. The Amount in Controversy Exceeds $75,000.00

8. Plaintiffs' Complaint meets the $75,000.00 amount-in-controversy requirement for diversity jurisdiction. "The district court shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between…citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332.

9. In the Complaint, Plaintiffs allege violations of N.C Gen. Stat. § 75-56(a). In their prayer for relief, Plaintiffs ask the Court to award "statutory damages of $4,000 per violation as allowed pursuant to N.C. Gen. Stat. § 75-56(a)" (Compl. at ¶ 4 p. 17).

10. Where, as here, Plaintiff seeks recovery of an indeterminate amount, diversity jurisdiction exists where a removing defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *See Dash v. FirstPlus Home Loan Trust 1996-2,* 248 F. Supp. 2d. 489, 497 (M.D.N.C. March 6, 2003). This Court may consider if "it is facially apparent" from the Complaint that the jurisdictional amount is in controversy and may consider "any evidence" of the amount in controversy. *Turner v. CTS Con-Way Transp. Servs.,* 1999 U.S. Dist. LEXIS 9809, at *4 (M.D.N.C. April 28, 1999); *see also Gwyn v. Wal-Mart Stores, Inc.,* 955 F. Supp. 44, 46 (M.D.N.C. January 30, 1996). The Court may also apply common sense to the allegations in Plaintiffs' complaint. *Dash,* 248 F. Supp. 2d at 498; *see also White v. J.C. Penney Life Ins. Co.,* 861 F. Supp. 25, 27 (S.D. W. Va. August 23, 1994).

11. In the Complaint, Plaintiffs allege numerous instances where agents of SunTrust allegedly "trespassed" on Plaintiffs' property in violation of N.C. Gen. Stat. 75-51(3). (Compl. at ¶¶ 53, 58, 59, 61, 80, 82). Plaintiffs further allege that SunTrust "caused injury to Plaintiff in the

3

form of emotional distress, humiliation, embarrassment, mental anguish, attorney fees and other expenses, including hundreds of dollars in improper fines and fees." (Comp. at ¶ 66).

12. In the Complaint, Plaintiffs allege that "Plaintiffs have suffered actual damages and emotional distress as a direct and proximate result of the intentional or willful acts or by the reckless indifference to the results of actions" alleged in the Complaint. (Comp. at ¶ 69).

13. While Plaintiffs' Complaint does not specify the number of alleged violations or total damages sought, it is nonetheless facially apparent that the damages claimed exceed the $75,000.00 jurisdictional threshold as Plaintiff is seeking damages for numerous alleged violations of the North Carolina Prohibited Acts by Debt Collectors statute, at as much as $4,000.00 per violation. (Compl. at ¶ 4, p. 17).

14. Plaintiff further prays the Court award damages "that will fairly and reasonably compensate them for the emotional distress, aggravation, annoyance, humiliation, marital strife and inconvenience;" actual and compensatory damages; "treble or punitive damages pursuant to N.C. Gen. Stat. §§ 75-16 and 75-16.1;" and other relief the Court may deem proper. (Compl. at ¶¶ 2 & 6, p. 17).

15. Diversity jurisdiction exists over this action because the amount in controversy, as expressed in Plaintiffs' Complaint, exceeds $75,000.00 and because the Plaintiffs and Defendant SunTrust are citizens of different states. Accordingly, this case is properly removable to this Court.

## VENUE

16. Venue is proper in this Court because this district and division encompass the Superior Court of Union County North Carolina, the forum from which the case has been removed. *See* 28 U.S.C. § 1441.

4

## NOTICE

17. Concurrent with the filing of this Notice, Defendant SunTrust will file a copy of Notice of Filing of Notice of Removal with the Clerk of the Superior Court of Union County North Carolina. A copy of the Notice of Filing Notice of Removal (without this Notice of Removal which is attached thereto) is attached as **Exhibit B**.

18. Upon information and belief, the contents of **Exhibit A** and **Exhibit B** constitute the entire file of the action pending in the state court.

This the 1st day of May, 2019.

>TROUTMAN SANDERS LLP
>
>By: /s/ D. Kyle Deak
>D. Kyle Deak (N.C. State Bar No. 35799)
>Jamie E. Rudd (N.C. State Bar No. 50968)
>305 Church at North Hills Street, Suite 1200
>Raleigh, North Carolina 27609
>Telephone: (919) 835-4133
>Facsimile: (919) 829-8725
>Email: kyle.deak@troutman.com
>Email: jamie.rudd@troutman.com
>
>*Attorneys for Defendant SunTrust*

## CERTIFICATE OF SERVICE

The undersigned attorney for Defendant SunTrust hereby certifies that on this day the foregoing Notice of Removal was served upon the Plaintiffs in this action via first class, postage prepaid US Postal Service mail as set forth below:

**Attorney for Plaintiffs**
M. Shane Perry
N.C. Bar No. 35498
COLLUM & PERRY
109 W. Statesville Ave.
Mooresville, NC 28115
Telephone: (704) 663-4187
Fasimile: (704) 663-4178

This the 1st day of May, 2019.

/s/ D. Kyle Deak
D. Kyle Deak