IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:19-cv-210-RJC-DSC

YURII KOROTKOV and IRYNA )
PAVLOVNA KOROTKOVA, )
                                     )
                     **Plaintiffs**, )
                                     )
**v.** )
                                     )
**SUNTRUST MORTGAGE INC.,** )
                                     )
                     **Defendant.** )
                                     )

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss [Plaintiffs' Claims for Slander of Title and Fraud]" (document #6) and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>granted</u> as discussed below.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Accepting the allegations of the Complaint as true, on June 5, 2009, Plaintiffs filed a Chapter 13 Voluntary Petition for Bankruptcy in the United States Bankruptcy Court for the Western District of North Carolina (Case No. 09-31457, W.B.N.C.) The Bankruptcy Court entered an Order Confirming Chapter 13 Plan on August 26, 2009. Defendant is a secured creditor in the bankruptcy proceeding pursuant to a Promissory Note and corresponding Deed of Trust encumbering the property at 3012 Twilight Lane in Indian Trial, North Carolina (the "Property").

At the time they filed the bankruptcy petition, Plaintiffs owed at least $19,474.60 on the Note. Plaintiffs made monthly cash payments during the bankruptcy proceeding that included their monthly payment and an arrearage payment.

On December 4, 2014, Defendant filed a Creditor Statement of Amounts Required to Bring Loan Current stating that Plaintiffs were four months behind on their payments. Plaintiffs' bankruptcy attorney, Matthew Crow, informed Defendant that the statement was erroneous and Plaintiffs were current on their mortgage payments. Defendant did not identify any payments that Plaintiffs had missed. On December 17, 2014, Plaintiffs received a standard discharge in their bankruptcy action. Their case was closed on April 30, 2015.

Defendant later initiated foreclosure proceedings. Defendant stopped applying Plaintiffs' mortgage payments and assessed inspection and attorney's fees. During this time, Plaintiffs continued to make monthly payments.

Plaintiffs eventually filed a "Motion required to correct the issue" in Bankruptcy Court. On March 28, 2016, the Bankruptcy Court entered a Consent Order stating in part that "upon receipt of the checks from the [Plaintiffs], [Defendant] will bring the [Plaintiffs'] mortgage account current through March 2016; [Defendant] will waive any foreclosure costs, interests, late fees and property inspection fees." (Case No. 09-31457 W.B.N.C.)

Defendant continued to misapply Plaintiffs' payments and again treated the account as delinquent. Plaintiffs allege that Defendant contacted them directly despite their having counsel and charged improper fees for inspections. Defendant sent inspectors to the property "at least five times from March 28, 2016 to June 16, 2016." Plaintiffs allege that the inspectors trespassed on their property. On one occasion, an inspector told neighbors that Plaintiffs would lose their home because they failed to pay their mortgage. On another occasion, an inspector attached a default

notice to the front door of Plaintiffs' home when family and friends were present for Plaintiff Korotkov's birthday party.

Plaintiffs filed this action in Union County Superior Court and it was removed to the United States District Court for the Western District of North Carolina. Plaintiffs allege eight claims including slander of title and fraud. Plaintiffs allege that Defendant and its agents' malicious and intentional conduct caused them to suffer emotional distress, humiliation, embarrassment and mental anguish, and to incur attorney's fees and other expenses.

On July 5, 2018, Defendant filed its Motion to Dismiss Plaintiffs' slander of title and fraud claims, alleging that they fail to meet the pleading standard under Federal Rule of Civil Procedure 9(b) and 12(b)(6).

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490

U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

### B. Claim for Slander of Title

"Slander of title occurs when one publishes matter derogatory to the title to real property with the malicious intent to injure the owner thereof and which in fact does cause injury." Whyburn v. Norwood, 47 N.C. App. 310, 315, 267 S.E.2d 374, 377 (1980) (citing Cardon v. McConnell, 120 N.C. 461, 27 S.E. 109 (1897); accord Int'l Visible Sys. Corp. v. Remington-Rand, Inc., 65 F.2d 540, 542 (6th Cir. 1933) (stating "[t]hree elements are necessary for the maintenance of [an action for slander:] [t]he words must be: (1) [f]alse; (2) maliciously published; and (3) result in some special pecuniary loss"); Carter v. Ozoeneh, No. 3:09-CV-614-RJC, 2009 U.S. Dist. LEXIS 84441, at *22 (W.D.N.C. Sept. 16, 2009) ("Slander to title claims apply [] to derogatory matter published with respect to real property."). "Malice is established by showing that the statement regarding title was not made in good faith, that it was made without probable cause for defendant's belief, or that defendant could not have honestly entertained a belief in the statement." Ozoeneh, 2009 U.S. Dist. LEXIS 84441, at *20-*21 (citing Cardon, 120 N.C. at 462, 27 S.E. 109); Briggs v. Coykendall, 57 N.D. 785, 790, 224 N.W. 202, 205 (1929) (stating "[t]here can be no malice in the legal sense when the parties have color of title and have a bona fide belief therein").

Applying those legal principles to Plaintiffs' Complaint, their slander of title claim fails. The only publications they have alleged are statements made by an inspector to neighbors and in a notice attached to their front door. There is no allegation that either publication impinged Plaintiffs' title to their home or otherwise caused special pecuniary loss. Accordingly, the

undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>granted</u> as to Plaintiffs' slander of title claim.

### C. Claim for Fraud

To plead a fraud claim under North Carolina law, a plaintiff must allege: (1) a false representation or concealment of a material fact, (2) that was reasonably calculated to deceive, (3) which was made with the intent to deceive, (4) that did in fact deceive, and (5) resulted in damage. <u>Breeden v. Richmond Cmty. Coll.</u>, 171 F.R.D. 189, 194-95 (M.D.N.C. 1997). The heightened pleading requirements of Fed. R. Civ. P. 9(b) "provide defendants with fair notice of claims against them and the factual ground upon which they are based, forestall frivolous suits, prevent fraud actions in which all the facts are learned only following discovery, and protect defendants' goodwill and reputation." <u>McCauley v. Home Loan Inv. Bank, F.S.B.</u>, 710 F.3d 551, 559 (4th Cir. 2013). "Specifically, Rule 9(b) requires the party alleging fraud to state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Fourth Circuit has held that the "circumstances" required to be pled with particularity under Rule 9(b) are "the time, place, and contents of the false representations, as well as the identity of the person making misrepresentations and what he obtained thereby." <u>Harrison v. Westinghouse Savannah River Co.</u>, 176 F.3d 776, 784 (4th Cir. 1999).

Plaintiffs have not met the heightened pleading standard for their fraud claim. They have failed to allege that Defendant made a false statement with intent to deceive them, that the statement was reasonably calculated to deceive, that they were deceived, or that they were damaged as a result.

Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>granted</u> as to Plaintiff's fraud claim.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant's Motion to Dismiss [Plaintiffs' Claims for Slander of Title and Fraud]" (document #6) be **GRANTED**.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED**.

Signed: June 27, 2019

David S. Cayer
United States Magistrate Judge