YURII KOROTKOV & IRYNA
PAVLOVNA KOROTKOVA.

        Plaintiffs,

    -v-

SUNTRUST MORTGAGE, INC.

        Defendant

**Civil Action No. 3:19-CV-00210**

**DEFENDANT'S ANSWER TO COMPLAINT**

Defendant SunTrust Bank ("SunTrust")[1], for its Answer to the Complaint of Plaintiffs Yurri Korotkov and Iryna Pavlovna Korotkova ("Plaintiffs") avers:

## FIRST DEFENSE

1.    The allegations set forth in Paragraph 1 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

2.    The allegations set forth in Paragraph 2 of the Complaint contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

3.    SunTrust is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint, and therefore denies the same.

---

[1] SunTrust Mortgage, Inc. merged into SunTrust Bank, a Georgia state-chartered bank, effective August 6, 2018. As such, the proper named Defendant in this case is SunTrust Bank.

1

4.      The allegations set forth in Paragraph 4 of the Complaint contain legal conclusions to which no response is required.  To the extent a response may be required, these allegations are denied

5.      The allegations set forth in Paragraph 5 of the Complaint contain legal conclusions to which no response is required.  To the extent a response may be required, these allegations are denied.

6.      SunTrust admits that it maintains corporate offices located at 901 Semmes Avenue in Richmond, Virginia and that it lawfully conducts business in North Carolina.  Except as expressly admitted herein, SunTrust denies the remaining allegations set forth in Paragraph 6 of the Complaint.

7.      SunTrust admits that it maintains a servicing agent at Corporate Service Company, 2626 Glenwood Avenue, Suite 550, Raleigh NC 27608.

8.      The allegations set forth in Paragraph 8 of the Complaint contain legal conclusions to which no response is required.  To the extent a response may be required, these allegations are denied.

9.      The allegations set forth in Paragraph 9 of the Complaint contain legal conclusions to which no response is required.  To the extent a response may be required, these allegations are denied.

10.     The allegations set forth in Paragraph 10 of the Complaint contain legal conclusions to which no response is required.  To the extent a response may be required, SunTrust admits that it conducts business in North Carolina.  SunTrust denies all allegations set forth in Paragraph 10 of the Complaint that are not specifically admitted herein.

11.     The allegations set forth in Paragraph 11 of the Complaint refer to written documents that are part of a "bankruptcy petition," and the content of such documents speaks for itself.  To the extent the allegations vary from these documents, they are denied.

12.     The allegations set forth in Paragraph 12 of the Complaint contain legal conclusions to which no response is required.  To the extent a response may be required, these allegations are denied.

13.     The allegations set forth in Paragraph 13 of the Complaint contain legal conclusions to which no response is required.  To the extent a response may be required, SunTrust admits that the debt at issue in this litigation was associated with the purchase of certain real property that, upon information and belief, Plaintiff utilized as a residence.  Except as expressly admitted herein, these allegations are denied.

14.     SunTrust incorporates its responses to the preceding paragraphs as if set forth fully herein.

15.     The allegations set forth in Paragraph 15 of the Complaint refer to the docket of a bankruptcy case and certain filings therein, all of which are written documents, the terms of which speak for themselves.  To the extent these allegations vary from the documents, they are denied.

16.     The allegations set forth in Paragraph 16 of the Complaint refer to the docket of a bankruptcy case and certain filings therein, all of which are written documents, the terms of which speak for themselves.  To the extent these allegations vary from the documents, they are denied.

17.     SunTrust admits that is it the holder of a promissory note executed by Plaintiffs, which note is secured by certain real property commonly known as 3012 Twilight Lane, Indian Trial, North Carolina (the "Subject Property").  The remaining allegations set forth in Paragraph 17 of the Complaint refer to the docket of a bankruptcy case and certain filings therein, all of which

are written documents, the terms of which speak for themselves.  To the extent the remaining allegations vary from the documents, they are denied.

18.     The allegations set forth in Paragraph 18 of the Complaint refer to the docket of a bankruptcy case and certain filings therein, all of which are written documents, the terms of which speak for themselves.  To the extent the allegations vary from the documents, they are denied.

19.     SunTrust is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.  Accordingly, the allegations of Paragraph 19 are denied.

20.     As written, Paragraph 20 of the Complaint does not provide any specific time period within which the identified conduct is alleged to have occurred and, therefore, SunTrust does not have sufficient information to investigate Plaintiffs' claims or to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint, and therefore denies the same.

21.     As written, Paragraph 21 of the Complaint does not provide any specific time period within which the identified conduct is alleged to have occurred and, therefore, SunTrust does not have sufficient information to investigate Plaintiffs' claims or to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint, and therefore denies the same.

22.     The allegations set forth in Paragraph 22 of the Complaint refer to the docket of a bankruptcy case and certain filings therein, all of which are written documents, the terms of which speak for themselves.  To the extent these allegations vary from the documents, they are denied.

23.     SunTrust is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint.  Accordingly, the allegations of Paragraph 23 are denied.

4

24.     SunTrust is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.  Accordingly, the allegations of Paragraph 24 are denied.

25.     As written, Paragraph 25 of the Complaint does not provide any specific time period within which the identified conduct is alleged to have occurred and, therefore, SunTrust does not have sufficient information to investigate Plaintiffs' claims or to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint, and therefore denies the same.

26.     SunTrust is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint.  Accordingly, the allegations of Paragraph 26 are denied.

27.     SunTrust is without sufficient information or knowledge to form a belief as to the allegations set forth in Paragraph 27 of the Complaint.  Accordingly, the allegations of Paragraph 27 are denied.  To the extent the allegations set forth in Paragraph 27 of the Complaint refer to a Motion to Deem Mortgage Current, SunTrust admits that no such motion was filed by Mr. Crow.  Any remaining allegations of Paragraph 27 are denied.

28.     SunTrust admits that it sent correspondence enclosing an account activity statement and loan history, to Plaintiffs at "3012 Twilight Ln., Monroe, NC 28110."  To the extent the allegations set forth in Paragraph 28 of the Complaint refer to Mr. Crow's understanding of documents referenced in this paragraph, SunTrust is without sufficient information or knowledge to form a belief as to the allegations set forth in Paragraph 28 of the Complaint.  Accordingly, the allegations of Paragraph 28 are denied.

29.     As written, Paragraph 29 does not provide any specific time period within which the identified assertion is alleged to have occurred and, therefore, SunTrust does not have sufficient

information to investigate Plaintiffs' claims or to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint, and therefore denies the same. To the extent the allegations set forth in Paragraph 29 of the Complaint refer to written document, those documents speak for themselves. To the extent these allegations vary from the documents, they are denied.

30. The allegations set forth in Paragraph 30 of the Complaint refer to the docket of a bankruptcy case and certain filings therein, all of which are written documents, the terms of which speak for themselves. To the extent the allegations vary from the documents, they are denied.

31. The allegations set forth in Paragraph 31 of the Complaint refer to the docket of a bankruptcy case and certain filings therein, all of which are written documents, the terms of which speak for themselves. To the extent the allegations vary from the documents, they are denied.

32. SunTrust admits that it referred Plaintiffs account for foreclosure after April 30, 2015. SunTrust further admits that it applied a $10.75 charged for a property inspection to Plaintiffs' account, and further states that it made Plaintiffs aware of this charge in a letter sent to Plaintiffs on June 1, 2015. As written, the remaining allegations set forth in Paragraph 32 fail to provide any specific time period within which the identified conduct is alleged to have occurred and, therefore, SunTrust does not have sufficient information to investigate Plaintiffs' claims or to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 32 of the Complaint, and therefore denies the same.

33. SunTrust is without sufficient information or knowledge to form a belief as to the allegations set forth in Paragraph 33 of the Complaint. Accordingly, the allegations of Paragraph 33 are denied.

34. As written, Paragraph 34 does not provide any specific time period within which the identified conduct is alleged to have occurred and, therefore, SunTrust does not have sufficient

information to investigate Plaintiffs' claims or to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint, and the same are denied.

35. SunTrust is without sufficient information or knowledge to form a belief as to the allegations set forth in Paragraph 35 of the Complaint. Accordingly, the allegations of Paragraph 35 are denied.

36. The allegations set forth in Paragraph 36 of the Complaint, and all subparts, refer to the docket of a bankruptcy case and certain filings therein, all of which are written documents, the terms of which speak for themselves. To the extent these allegations vary from the documents, they are denied.

37. The allegations set forth in Paragraph 37 of the Complaint refer to a Consent Order in a bankruptcy case, the contents of which speak for themselves. To the extent the allegations vary from the document, they are denied.

38. As written, Paragraph 38 does not provide any specific time period within which the identified conduct is alleged to have occurred and, therefore, SunTrust does not have sufficient information to investigate Plaintiffs' claims or to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint, and the same are denied. To the extent the allegations refer to the language of a Court Order, SunTrust states that the Order is a written document, the terms of which speak for themselves. To the extent the allegations vary from the document, they are denied.

39. The allegations set forth in Paragraph 39 of the Complaint refer to a Consent Order in a bankruptcy case, the contents of which speak for themselves. To the extent the allegations vary from the document, they are denied.

40.     The allegations set forth in Paragraph 40 of the Complaint refer to the docket of a bankruptcy case and certain filings therein, which are written documents, the terms of which speak for themselves.  To the extent these allegations vary from the documents, they are denied.

41.      The allegations set forth in Paragraph 41 of the Complaint refer to the Order Closing the Reopened Bankruptcy Case, which is a written document, the terms of which speak for themselves.  To the extent the allegations vary from the document, they are denied.

42.     The allegations set forth in Paragraph 42 of the Complaint refer to the docket of a bankruptcy case and certain filings therein, which are written documents, the terms of which speak for themselves.  To the extent the allegations vary from the document, they are denied.

43.     SunTrust admits that Plaintiffs made certain payments on the promissory note secured by the Subject Property after March 28, 2016.  Except as expressly admitted herein, denied.

44.     As written, Paragraph 44 does not provide any specific time period within which the identified conduct is alleged to have occurred and, therefore, SunTrust does not have sufficient information to investigate Plaintiffs' claims or to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint, and the same are denied.

45.     SunTrust admits that during the months of April and May 2016, SunTrust sent a handful of communications to Plaintiffs regarding the alleged outstanding balance on the account, communicating the risk of foreclosure, and requesting Plaintiffs contact SunTrust.  The remaining allegations set forth in Paragraph 45 of the Complaint are legal conclusions regarding the content of the aforementioned Consent Order, to which no response is required.  To the extent a response is required, these allegations are denied.  All remining allegations set forth in Paragraph 45 are denied.

46.     The allegations set forth in Paragraph 46 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

47.     The allegations set forth in Paragraph 47 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

48.     As written, Paragraph 48 does not provide any specific time period within which the identified conduct is alleged to have occurred and, therefore, SunTrust does not have sufficient information to investigate Plaintiffs' claims or to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint; therefore, those allegations are denied.

49.     As written, Paragraph 49 does not provide any specific time period within which the identified conduct is alleged to have occurred and, therefore, SunTrust does not have sufficient information to investigate Plaintiffs' claims or to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Complaint; therefore, those allegations are denied.

50.     As written, Paragraph 50 does not provide any specific time period within which the identified conduct is alleged to have occurred and, therefore, SunTrust does not have sufficient information to investigate Plaintiffs' claims or to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint; therefore, those allegations are denied.

51.     As written, Paragraph 51 does not provide any specific time period within which the identified conduct is alleged to have occurred and, therefore, SunTrust does not have sufficient information to investigate Plaintiffs' claims or to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Complaint; therefore, those allegations are denied.

52.     As written, Paragraph 52 does not provide any specific time period within which the identified conduct is alleged to have occurred and, therefore, SunTrust does not have sufficient

information to investigate Plaintiffs' claims or to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Complaint; therefore, those allegations are denied.

53. SunTrust denies the allegations set forth in Paragraph 53 of the Complaint.

54. As written, Paragraph 54 does not provide any specific time period within which the identified conduct is alleged to have occurred and, therefore, SunTrust does not have sufficient information to investigate Plaintiffs' claims or to form a belief as to the truth of the allegations set forth in Paragraph 54 of the Complaint; therefore, those allegations are denied.

55. SunTrust is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Complaint, and therefore denies the same.

56. SunTrust is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Complaint, and therefore denies the same.

57. SunTrust admits that Dorothy Still of New Visions Realty Group LLC conducted a Broker Price option of the subject property on April 26, 2016. Any remaining allegations set forth in Paragraph 57 of the Complaint are denied.

58. The allegations set forth in Paragraph 58 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, these allegations ae denied.

59. SunTrust is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 59 of the Complaint, and therefore denies the same. SunTrust further denies that the individual or individuals referenced in Paragraph 59 were its "agents."

60. SunTrust is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Complaint, and therefore denies the same.

61.     SunTrust admits that an inspection of the property occurred on June 4, 2016.  The remaining allegations set forth in Paragraph 61 of the Complaint are legal conclusions for which no response is required.  To the extent a response is required, these allegations are denied.

62.     As written, Paragraph 62 does not provide any specific time period within which the identified conduct is alleged to have occurred and, therefore, SunTrust does not have sufficient information to investigate Plaintiffs' claims or to form a belief as to the truth of the allegations set forth in Paragraph 62 of the Complaint; therefore, those allegations are denied.

63.     The allegations set forth in Paragraph 63 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, these allegations are denied.

64.     The allegations set forth in Paragraph 64 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, these allegations are denied.

65.     SunTrust denies the allegations set forth in Paragraph 65 of the Complaint.

66.     The allegations set forth in Paragraph 66 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, these allegations are denied.

67.     The allegations set forth in Paragraph 67 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, these allegations are denied.

68.     The allegations set forth in Paragraph 68 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, these allegations are denied.

69.     The allegations set forth in Paragraph 69 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, these allegations are denied.

70.     The allegations set forth in Paragraph 70 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, these allegations are denied.

71.     The allegations set forth in Paragraph 71 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, these allegations are denied.  SunTrust further denies any allegations set forth in Paragraph 71 that it acted in bad faith.

72.     SunTrust incorporates its responses to the foregoing Paragraphs 1-71 above as if set forth fully herein.  To the extent Plaintiffs allege their Complaint conforms to Rules 8 and 9 of the North Carolina Rules of Civil Procedure, those allegations are legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

73.     SunTrust denies the allegations set forth in Paragraph 73 of the Complaint.

74.     SunTrust denies the allegations set forth in Paragraph 74 of the Complaint.

75.     SunTrust denies the allegations set forth in Paragraph 75 of the Complaint.

76.     SunTrust is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 76 of the Complaint, and therefore denies the same.

77.     The allegations set forth in Paragraph 77 of the Complaint refer to a 10-K submitted to the United States Securities and Exchange Commission, which is a written document, the contents of which speak for themselves.  To the extent these allegations vary from the document, they are denied.

## VIOLATIONS OF N.C. Gen. Stat. § 75-50, *et seq.*

78.     SunTrust incorporates its responses to Paragraphs 1-77 above as if set forth fully herein. All allegations not specifically admitted herein are denied.

79.     As written, Paragraph 79 does not provide any specific time period within which the identified conduct is alleged to have occurred and, therefore, SunTrust does not have sufficient information to investigate Plaintiffs' claims or to form a belief as to the truth of the allegations set forth in Paragraph 79 of the Complaint, therefore, SunTrust denies the same.

80.     SunTrust denies the allegations set forth in Paragraph 80 of the Complaint.

81.     SunTrust is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 81 of the Complaint, and therefore denies the same.

82.     The allegations set forth in Paragraph 82 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

83.     The allegations set forth in Paragraph 83 of the Complaint as they pertain to the status of the loan contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  SunTrust is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 83 of the Complaint, and therefore denies the same.

84.     The allegations set forth in Paragraph 84 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

85.     As written, Paragraph 85 does not provide any specific time period within which the identified conduct is alleged to have occurred and, therefore, SunTrust does not have sufficient information to investigate Plaintiffs' claims or to form a belief as to the truth of the allegations set forth in Paragraph 85 of the Complaint; therefore, SunTrust denies the same.

86.     The allegations set forth in Paragraph 86 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

87.     SunTrust is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 87 of the Complaint, and therefore denies the same.

88.     The allegations set forth in Paragraph 88 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

89.     The allegations set forth in Paragraph 89 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

90.     The allegations set forth in Paragraph 90 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

91.     As written, Paragraph 91 does not provide any specific time period within which the identified conduct is alleged to have occurred and, therefore, SunTrust does not have sufficient information to investigate Plaintiffs' claims or to form a belief as to the truth of the allegations set forth in Paragraph 91 of the Complaint; therefore, SunTrust denies the same.

92.     The allegations set forth in Paragraph 92 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

93.     As written, Paragraph 93 does not provide any specific time period within which the identified conduct is alleged to have occurred and, therefore, SunTrust does not have sufficient information to investigate Plaintiffs' claims or to form a belief as to the truth of the allegations set forth in Paragraph 93 of the Complaint; therefore, SunTrust denies the same.

94.     SunTrust is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 94 of the Complaint, because, in part, Plaintiffs fail

to specifically identify the "bankruptcy" to which they refer. Accordingly, the allegations set forth in Paragraph 94 are denied.

95. The allegations in Paragraph 95 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, these allegations are denied.

96. The allegations set forth in Paragraph 96 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

97. The allegations set forth in Paragraph 97 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

## **SLANDER OF TITLE**

98. SunTrust incorporates its responses to Paragraphs 1-97 above as if set forth fully herein. SunTrust further incorporates the Court's October 8, 2019, Order granting its Motion to Dismiss Plaintiffs' claims for Slander of Title and Fraud. [Doc. No. 11].

99. In response to the allegations set forth in Paragraph 99 of the Complaint, SunTrust incorporates the Court's October 8, 2019, Order granting its Motion to Dismiss Plaintiffs' claims for Slander of Title and Fraud. [Doc. No. 11]. Accordingly, the allegations set forth in Paragraph 99 are denied.

100. In response to the allegations set forth in Paragraph 100 of the Complaint, SunTrust incorporates the Court's October 8, 2019, Order granting its Motion to Dismiss Plaintiffs' claims for Slander of Title and Fraud. [Doc. No. 11]. Accordingly, the allegations set forth in Paragraph 100 are denied.

101. In response to the allegations set forth in Paragraph 101 of the Complaint, SunTrust incorporates the Court's October 8, 2019, Order granting its Motion to Dismiss Plaintiffs' claims

for Slander of Title and Fraud. [Doc. No. 11]. Accordingly, the allegations set forth in Paragraph 101 are denied.

102.     In response to the allegations set forth in Paragraph 102 of the Complaint, SunTrust incorporates the Court's October 8, 2019, Order granting its Motion to Dismiss Plaintiffs' claims for Slander of Title and Fraud. [Doc. No. 11]. Accordingly, the allegations set forth in Paragraph 102 are denied.

103.     In response to the allegations set forth in Paragraph 103 of the Complaint, SunTrust incorporates the Court's October 8, 2019, Order granting its Motion to Dismiss Plaintiffs' claims for Slander of Title and Fraud. [Doc. No. 11]. Accordingly, the allegations set forth in Paragraph 103 are denied.

104.     In response to the allegations set forth in Paragraph 104 of the Complaint, SunTrust incorporates the Court's October 8, 2019, Order granting its Motion to Dismiss Plaintiffs' claims for Slander of Title and Fraud. [Doc. No. 11]. Accordingly, the allegations set forth in Paragraph 104 are denied.

## **FRAUD**

105.     SunTrust incorporates its responses to Paragraphs 1-104 above as if set forth fully herein. SunTrust further incorporates the Court's October 8, 2019, Order granting its Motion to Dismiss Plaintiffs' claims for Slander of Title and Fraud. [Doc. No. 11].

106.     In response to the allegations set forth in Paragraph 106 of the Complaint, SunTrust incorporates the Court's October 8, 2019, Order granting its Motion to Dismiss Plaintiffs' claims for Slander of Title and Fraud. [Doc. No. 11]. Accordingly, the allegations set forth in Paragraph 106 are denied.

107.     In response to the allegations set forth in Paragraph 107 of the Complaint, SunTrust incorporates the Court's October 8, 2019, Order granting its Motion to Dismiss Plaintiffs' claims for Slander of Title and Fraud. [Doc. No. 11].  Accordingly, the allegations set forth in Paragraph 107 are denied.

108.     In response to the allegations set forth in Paragraph 108 of the Complaint, SunTrust incorporates the Court's October 8, 2019, Order granting its Motion to Dismiss Plaintiffs' claims for Slander of Title and Fraud. [Doc. No. 11].  Accordingly, the allegations set forth in Paragraph 108 are denied.

109.     In response to the allegations set forth in Paragraph 109 of the Complaint, SunTrust incorporates the Court's October 8, 2019, Order granting its Motion to Dismiss Plaintiffs' claims for Slander of Title and Fraud. [Doc. No. 11].  Accordingly, the allegations set forth in Paragraph 109 are denied.

110.     In response to the allegations set forth in Paragraph 110 of the Complaint, SunTrust incorporates the Court's October 8, 2019, Order granting its Motion to Dismiss Plaintiffs' claims for Slander of Title and Fraud. [Doc. No. 11].  Accordingly, the allegations set forth in Paragraph 110 are denied.

111.     In response to the allegations set forth in Paragraph 111 of the Complaint, SunTrust incorporates the Court's October 8, 2019, Order granting its Motion to Dismiss Plaintiffs' claims for Slander of Title and Fraud. [Doc. No. 11].  Accordingly, the allegations set forth in Paragraph 111 are denied.

112.     In response to the allegations set forth in Paragraph 112 of the Complaint, SunTrust incorporates the Court's October 8, 2019, Order granting its Motion to Dismiss Plaintiffs' claims

for Slander of Title and Fraud. [Doc. No. 11]. Accordingly, the allegations set forth in Paragraph 112 are denied.

## NEGLIGENT MISREPRESENTATION

113.     SunTrust incorporates its responses to Paragraphs 1-112 above as if set forth fully herein.

114.     The allegations set forth in Paragraph 114 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

115.     The allegations set forth in Paragraph 115 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

116.     SunTrust denies the allegations set forth in Paragraph 116 of the Complaint. To the extent the allegations set forth in Paragraph 116 state legal conclusions regarding the contents of an order of a federal judge, the Order is a written document the terms of which speak for themselves. To the extent the allegations vary from the document, they are denied.

117.     The allegations set forth in Paragraph 117 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

## CONVERSION

118.     SunTrust incorporates its responses to Paragraphs 1-117 above as if set forth fully herein.

119.    The allegations set forth in Paragraph 119 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

120.    The allegations set forth in Paragraph 120 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

121.    The allegations set forth in Paragraph 121 and its subparts contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

**N.C. General Statutes § 75-1.1**

122.    SunTrust incorporates its responses to Paragraphs 1-121 above as if set forth fully herein.

123.    SunTrust denies the allegations set forth in Paragraph 123 of the Complaint.

124.    The allegations set forth in Paragraph 124 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

125.    The allegations set forth in Paragraph 125 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

126.    The allegations set forth in Paragraph 126 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

127.    SunTrust denies the allegations set forth in Paragraph 127 of the Complaint.

128.    The allegations set forth in Paragraph 128 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

129.    The allegations set forth in Paragraph 129 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

130.    The allegations set forth in Paragraph 130 of the Complaint and its subparts contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

131.    The allegations set forth in Paragraph 131 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

## NEGLIGENT ACCOUNTING AND SERVICING

132.    SunTrust incorporates its responses to Paragraphs 1-131 above as if set forth fully herein.

133.    The allegations set forth in Paragraph 133 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

134.    SunTrust denies the allegations set forth in Paragraph 134 of the Complaint.

135.    The allegations set forth in Paragraph 135 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.  SunTrust denies the remaining allegations set forth in Paragraph 135 of the Complaint.

20

136.    The allegations set forth in Paragraph 136 of the Complaint contain legal conclusions to which no response is required.   To the extent a response is required, these allegations are denied.

137.    The allegations set forth in Paragraph 137 of the Complaint contain legal conclusions to which no response is required.   To the extent a response is required, these allegations are denied.

138.    The allegations set forth in Paragraph 138 of the Complaint contain legal conclusions to which no response is required.   To the extent a response is required, these allegations are denied.

### N.C. General Statutes § 45-90

139.    SunTrust incorporates its responses to Paragraphs 1-138 above as if set forth fully herein.

140.    The allegations set forth in Paragraph 140 of the Complaint contain legal conclusions to which no response is required.   To the extent a response is required, these allegations are denied.

### DEMAND FOR JURY TRIAL

141.    Paragraph 141 of the Complaint contains Plaintiffs' demand for jury trial. Accordingly, no response is required.

142.    SunTrust denies each allegation of the Complaint not affirmatively added herein.

### SECOND DEFENSE

SunTrust avers, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that this action fails to state a claim upon which relief may be granted on the grounds, *inter alia*, that the Complaint against SunTrust fails to claim any legal basis for relief.

## THIRD DEFENSE

SunTrust avers that some or all of the claims made in the Complaint may be barred by the doctrine of laches and/or the statutes of limitations.

## FOURTH DEFENSE

SunTrust avers that Plaintiff cannot recover from SunTrust to the extent that any damages Plaintiffs may have or will suffer as alleged in the Complaint, which SunTrust continues to deny, have been and or/will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts and/or omissions of persons or entities over whom SunTrust had no control, and for whose conduct SunTrust is not responsible, which bars or diminishes any recovery by Plaintiff against SunTrust.

## FIFTH DEFENSE

SunTrust avers that at all times its conduct was neither willful, wanton, nor reckless, and at all times SunTrust acted innocently, in good faith, and without malice or intent to injure Plaintiffs in its conduct, or to violate applicable federal and/or state law.

## SIXTH DEFENSE

SunTrust avers that Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has not suffered any actual damages.

## SEVENTH DEFENSE

SunTrust avers that Plaintiffs' claims are barred to the extent that Plaintiff failed to comply with the terms of the applicable contracts including the promissory note.

## EIGHTH DEFENSE

SunTrust avers that Plaintiffs' claims may be barred, in whole or in part, by the doctrine of setoff or recoupment.

## NINTH DEFENSE

SunTrust avers that Plaintiffs' claims may be barred, in whole or in part, to the extent Plaintiffs have failed to mitigate their damages.

## TENTH DEFENSE

Plaintiffs' claims for punitive damages fail to the extent that the Complaint fails to state a claim for relief for punitive damages. Additionally, SunTrust states that while it does not believe Plaintiffs have stated a claim for punitive damages, even if Plaintiffs prove an entitlement to any such punitive damage award, SunTrust is entitled to the affirmative defense that any such award comport with the Due Process clause under the Constitution of the United States of America and the Constitution of North Carolina.

## ELEVENTH DEFENSE

Plaintiffs cannot recover from SunTrust to the extent that any damages that Plaintiffs may have suffered, which SunTrust continues to deny, directly and proximately resulted from Plaintiffs' acts and/or omissions.

## TWELFTH DEFENSE

SunTrust pleads the intervening and superseding negligence of others over which it had no control as a defense to this action.

## RESERVATION AND NON-WAIVER

Each allegation of Plaintiffs' Complaint not specifically admitted herein is hereby denied. SunTrust reserves the right to rely upon any and all defenses as may become known through discovery or at trial. SunTrust reserves the right to amend this Answer to conform to the evidence as determined in discovery or at trial.

**WHEREFORE**, Defendant SunTrust Bank respectfully pray the Court that:

1.      Plaintiffs' claims against SunTrust be dismissed;

2.      Plaintiffs' prayer for relief be denied in its entirety;

3.      Plaintiffs have and recovers nothing of SunTrust;

4.      The costs of this action be taxed against Plaintiffs; and,

5.      SunTrust have such other and further relief as the Court shall deem just

and proper.

This the 21st day of October, 2019.

                                        By:   /s/ Jamie E. Rudd
                                        D. Kyle Deak (NC Bar No. 35799)
                                        Jamie E. Rudd (NC Bar No. 50968)
                                        TROUTMAN SANDERS LLP
                                        305 Church at North Hills Street, Suite 1200
                                        Raleigh, North Carolina 27609
                                        Telephone: (919) 835-4100
                                        Facsimile: (919) 829-8725
                                        kyle.deak@troutman.com
                                        jamie.rudd@troutman.com

                                        *Attorneys for Defendant SunTrust*